**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMJIT SINGH, | No. 06-70700 |
| Petitioner, | Agency No. A072-474-729 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Paramjit Singh, native and citizen of India, petitions for review of a Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of deportation,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and deny the petition for review.

Singh testified to two encounters with the police, one in which they hit and kicked him, and the other in which they slapped him. Substantial evidence supports the BIA's finding that Singh's two encounters did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995). Substantial evidence further supports the BIA's finding that Singh's fear of future persecution was not objectively reasonable. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (State Department report did not demonstrate a reasonable fear of future persecution). Accordingly, we deny the petition as to Singh's asylum claim.

Because Singh failed to meet the lower standard of proof required to establish asylum, he necessarily failed to show that he was entitled to withholding of deportation. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to establish that it is more likely than not he will be tortured in India. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**